IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

CHRISTOPHER LEWIS,
    Plaintiff,

v.

JACKIE MATHIAS, *et al.*,
    Defendants.

Case No. 1:25-cv-01067-JEH

### Order

Plaintiff Christopher Lewis, proceeding *pro se*, filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was detained at the McLean County Detention Facility ("Jail"). (Doc. 44). The Court must "screen" Plaintiff's Second Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### I

Plaintiff names McLean County, McLean County Sheriff Matt Lane, Casey Taylor, Lieutenant Mathew Proctor, Jackie Mathias, Bethany Bane, Stacey

1

Salmonson, Dr. Monica Duran, and Jennifer Verbarg as Defendants. (Doc. 44 at p. 17).

## A

Plaintiff alleges he was diagnosed with opioid use disorder ("OUD") and prescribed medication as part of a medication-assisted treatment ("MAT") program before he was detained at the Jail. Plaintiff alleges Defendants Salmonson, Mathias, Bane, Duran, and Verbarg, who were aware of his OUD diagnosis, were deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment by failing to provide his prescribed suboxone films or pills to treat his OUD beginning in August 2024. As a result, Plaintiff claims he faced an increased risk of relapse, overdose, and death. Plaintiff also alleges he became severely ill, defecated on himself, and experienced painful withdrawal symptoms, such as muscle cramps, severe body pain, anxiety, insomnia, depression, heart palpitations, cravings, constant diarrhea, fatigue, and "shakes." Plaintiff states Defendants provided over-the-counter pain medication to treat his withdrawal symptoms, but the medication was ineffective.

Plaintiff also alleges Defendants administered Sublocade injections to treat his OUD, but the injections made him ill. Plaintiff states he informed Defendants Salmonson, Bane, Mathias, Verbarg, and Duran that the injections made him ill, and he used Sublocade in the past and knew it was ineffective for treating his OUD. Plaintiff claims Defendants still refused to provide his prescribed suboxone films or pills.

Plaintiff alleges he filed multiple grievances about these issues. As a result, Plaintiff claims Defendants Proctor, Taylor, and Sheriff Lane were aware of the risks he faced. Plaintiff alleges Defendants Proctor, Taylor, and Sheriff Lane "are liable because they are supervising officials," were made aware of their staff

members' decisions, and agreed with, condoned, and approved their decisions. *Id.* at p. 5.

**B**

Plaintiff also asserts Defendants Sheriff Lane, Proctor, Mathias, Bane, Salmonson, Duran, Taylor, and Verbarg violated his rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") by refusing to administer suboxone films or pills as prescribed, thereby depriving him of the benefits of the Jail's MAT program. Plaintiff claims he is a "qualified individual with a disability" due to his severe OUD diagnosis.

**C**

Plaintiff also alleges Defendants Verbarg, Mathias, and Proctor violated his rights under the Equal Protection Clause of the Fourteenth Amendment. Plaintiff claims that on an unspecified date, Defendant Verbarg threatened to deny him his medication because he was talking to another detainee and refused to sit in a certain chair in the medication room. Plaintiff claims "the nurse made me out of 12 detainees sit in a certain seat to receive my medication." *Id.* at p. 14. Plaintiff alleges he submitted grievances regarding this incident. Subsequently, Defendant Proctor allegedly instructed a correctional officer to write a false conduct report about Plaintiff. Plaintiff claims he was disciplined, has no tablet privileges, and limited out-of-cell time.

**D**

Finally, Plaintiff alleges Defendants Proctor and Mathias retaliated against him for filing this lawsuit. Plaintiff alleges he "has been receiving false conduct reports written on him on purpose to place him on disciplinary status, to make the plaintiff look like he [is] the one creating trouble." *Id.* at p. 17. Plaintiff alleges "the defendants began targeting him and treating him differently." *Id.*

II

A

Plaintiff's claim regarding his medical care arises under the Due Process Clause of the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018) (detainees entitled to adequate medical care). To establish a Fourteenth Amendment violation, a detainee must show: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Based on Plaintiff's allegations, the Court finds that he sufficiently stated a Fourteenth Amendment claim Defendants Salmonson, Bane, Mathias, Duran, and Verbarg based on their alleged deliberate indifference to his OUD and denial of his prescribed medication to treat his OUD.

Plaintiff claims that Defendants Proctor, Taylor, and Sheriff Lane were deliberately indifferent to his serious medical needs, but he did not include any specific allegations to demonstrate that they were personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendants Proctor, Taylor, and Lane cannot be liable based only on their status as the supervisor of others. *Doe v. Purdue Univ.*, 928 F.3d

652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc).

Plaintiff asserts Defendants Proctor, Taylor, and Sheriff Lane were aware of the risk of harm he faced because he submitted grievances. Simply submitting grievances is insufficient to establish a deliberate indifference claim, however. *See Norington v. Daniels*, No. 3:11-CV-282 RM, 2011 WL 5101943, at *2–3 (N.D. Ind. Oct. 25, 2011) ("Simply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction.); *Diaz v. McBride*, No. 3:93-CV-176RM, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (plaintiff cannot establish personal involvement and subject a prison official to liability under § 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates); *Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process). Plaintiff's deliberate indifference claim against Defendants Proctor, Taylor, and Sheriff Lane is dismissed without prejudice for failure to a claim a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

B

Plaintiff seeks to assert claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a), based on the denial of his prescribed medication to treat his OUD. The relief available under the ADA and RA is coextensive. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012). To proceed on claims under the ADA and RA, a plaintiff must allege that (1) he is a qualified individual with a disability, (2) a public entity denied him the benefits of its services, programs, or activities or otherwise discriminated against him, and (3) the denial or discrimination occurred because of his disability. *See Shaw v. Williams*, No. 16-CV-1065, 2018 WL 3740665, at *10

(N.D. Ill. Aug. 7, 2018) (citing *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)). The RA also includes a fourth requirement "that the program or activity in question receives federal financial assistance." *Phipps v. Sheriff of Cook Cnty.*, 681 F. Supp. 2d 899, 911 (N.D. Ill. 2009).

Plaintiff claims he is a "qualified individual with a disability" due to his OUD diagnosis. Plaintiff's ADA claim is reviewed under Title II of the ADA, which applies to detainees in county jails. *Lacy v. Cook Cnty. Ill.*, 897 F.3d 847, 852 (7th Cir. 2018). The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation or denied the benefits of the services, programs or activities of a public entity." § 12132; *Tennessee v. Lane*, 541 U.S. 509 (2004); *Lacy*, 897 F.3d at 852. Drug addiction is a "disability" under the ADA. *See* §§ 12102 and 12131(2); 28 C.F.R. § 35.108 ("The phrase physical or mental impairment includes, but is not limited to … drug addiction, and alcoholism."). Although the ADA does not apply to current active users of illegal drugs, it applies to individuals who are participating in a supervised drug rehabilitation program. *See* § 12210(a) & (b).

Here, Plaintiff has sufficiently alleged that Defendants' refusal to administer his medications as prescribed deprives him of the benefit of the Jail's MAT program, and that such conduct constitutes discrimination on the basis of his disability. The medical care provided to the detainees at the Jail qualifies as a "service" that disabled detainees must receive indiscriminately under the ADA. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). Plaintiff asserts that he should have access to his prescribed suboxone films or pills, as this medication is effective for treating his disorder. Based on his allegations, the Court finds that Plaintiff has sufficiently alleged claims under the ADA and RA. The Court notes that Plaintiff did not allege that the Jail receives federal funds. For purposes of this Order, the Court will infer that the Jail receives federal funds and allow Plaintiff

6

to proceed on a claim under the RA. If the Jail does not receive federal funds, Defendants may raise this issue after the parties have an opportunity to conduct discovery.

The Court finds that Matt Lane, in his official capacity as McLean County Sheriff, is the proper defendant for Plaintiff's ADA and RA claims. *See Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his or her official capacity)); *see also Hogle v. Baldwin*, No. 117CV01059JBMJEH, 2017 WL 4125258, at *4 (C.D. Ill. Sept. 18, 2017) (citing *Jaros*, 684 F.3d 670) (internal citations omitted)); *McNish v. Kayira*, No. 16-CV-00430-JPG, 2016 WL 2851122, at *3 (S.D. Ill. May 16, 2016) (ADA and RA claims may be asserted either against the relevant state department or agency, or in an official capacity claim against the director of the relevant department or agency.).

Plaintiff's ADA and RA claims against Defendants Proctor, Mathias, Bane, Salmonson, Duran, Taylor, Verbarg, and McLean County are dismissed with prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A. *See Hogle*, 2017 WL 4125258, at *4 (plaintiff not entitled to relief under the ADA or RA against defendants in their individual capacities).

## C

Plaintiff also asserts Defendants Verbarg, Mathias, and Proctor violated his rights under the Equal Protection Clause of the Fourteenth Amendment. "The equal protection clause of the Fourteenth Amendment protects individuals against intentional, arbitrary discrimination by government officials." *Lauderdale v. Ill. Dep't of Human Servs.*, 876 F.3d 904, 909–10 (7th Cir. 2017) (quoting *Hayden ex rel. A.H. v. Greensburg Cmty. Sch. Corp.*, 743 F.3d 569, 577 (7th Cir. 2014)). "In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest." *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000). "To

state a prima facie case under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that [he]: (1) is a member of a protected class; (2) is otherwise similarly situated to members of the unprotected class; (3) suffered an adverse . . . action; [and] (4) was treated differently from members of the unprotected class…." *McPhaul v. Bd. of Comm'rs of Madison Cnty.*, 226 F.3d 558, 564 (7th Cir. 2000), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013).

Plaintiff did not allege that he is a member of a protected class. His allegations that he was told to sit in a certain seat in the medication room to receive medication are nonsensical and do not rise to the level of a Fourteenth Amendment violation. Plaintiff's claim against Defendants Verbarg, Mathias, and Proctor for allegedly violating the Equal Protection Clause is dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

**D**

Plaintiff alleges Defendant Proctor instructed a correctional officer to submit a false conduct report against him based on a grievance he submitted and that Defendants Proctor and Mathias retaliated against him for filing this lawsuit. Prisoners have a protected First Amendment right to file lawsuits and grievances. *Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009). A prisoner may not be disciplined for filing a lawsuit or grievance, as "[a]n act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To establish First Amendment retaliation, Plaintiff must successfully allege that (1) his speech was constitutionally protected, (2) he suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [defendant's] action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Plaintiff's conclusory

8

allegations are insufficient to state a First Amendment retaliation claim against Defendants Mathias and Proctor.

Additionally, a First Amendment retaliation claim would not be properly joined in the same lawsuit as Plaintiff's deliberate indifference, ADA, and RA claims against Defendants Mathias, Bane, Salmonson, Duran, Verbarg, and Lane. Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits…."). Plaintiff's First Amendment retaliation claims against Defendants Mathias and Proctor are dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on (1) a Fourteenth Amendment claim against Defendants Jackie Mathias, Bethany Bane, Stacey Salmonson, Dr. Monica Duran, and Jennifer Verbarg based on their alleged deliberate indifference to Plaintiff's opioid use disorder ("OUD") and failure to

provide his prescribed medications to treat his OUD, and (2) claims under the Americans with Disabilities Act and Rehabilitation Act against Defendant Matt Lane, in his official capacity as McLean County Sheriff. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) The Clerk is directed to ADD Matt Lane, the McLean County Sheriff, as a Defendant.

3) Defendants Mathew Proctor, Casey Taylor, McLean County, and Matt Lane (in his individual capacity) are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

4) Defendants Mathias, Bane, Salmonson, Duran, and Verbarg returned executed Waivers of Service of Summons. (Docs. 18, 19, 23, 26, and 27). No Waivers need to be issued for these Defendants. Defendants Mathias, Bane, Salmonson, Duran, and Verbarg are DIRECTED to answer Plaintiff's Second Amended Complaint within 30 days of this Order.

5) Pursuant to this District's internal procedures, the Clerk is DIRECTED to send Defendant Matt Lane the following documents: 1) a Notice of Lawsuit and Request for Waiver of Summons; 2) a Waiver of Service of Summons; 3) a copy of Plaintiff's Second Amended Complaint; and 4) a copy of this Order.

6) The Court will attempt service on Defendant Lane by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7) Defendant Lane shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

8) If Defendant Lane no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) This District uses electronic filing, which means that after Defendant Lane's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel.

10) Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) Plaintiff shall be provided a copy of all pertinent medical records upon request.

13) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel, if Plaintiff has not already done so.

14) The Clerk is directed to set an internal deadline 60 days from the entry of this Order for the Court to check on the status of service regarding Defendant Lane.

15) Defendants' deadline for filing a Motion for Summary Judgment on the issue of exhaustion of administrative remedies is RESET for November 19, 2025. The discovery deadline is RESET for April 20, 2026, and the deadline for filing dispositive motions is RESET for May 20, 2026.

*It is so ordered.*

Entered: August 20, 2025

s/Jonathan E. Hawley
U.S. District Judge