E-FILED
Monday, 19 October, 2026 03:08:06 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

CHRISTOPHER LEWIS,
Plaintiff,

v.

JACKIE MATHIAS, *et al.*,
Defendants.

Case No. 1:25-cv-01067-JEH

**Order**

This matter is now before the Court on Plaintiff's Motion to Reconsider. (Doc. 110). For the reasons stated below, Plaintiff's Motion is DENIED.

**I**

Plaintiff, proceeding *pro se*, filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging Defendants Jackie Mathias, Bethany Bane, Stacey Salmonson, Dr. Monica Duran, and Jennifer Verbarg violated his Fourteenth Amendment rights while he was detained at the McLean County Detention Facility ("Detention Facility") by failing to provide appropriate medical treatment for his opioid use disorder ("OUD"). (Doc. 44). Plaintiff also alleged Defendant Matt Lane, in his official capacity as the McLean County Sheriff, violated his rights under the Americans with Disabilities Act and Rehabilitation Act by refusing to administer suboxone films or pills as prescribed, thereby depriving him of the benefits of the Detention Facility's medication-assisted treatment program. *Id.*

On July 22, 2026, the Court granted Defendants' Motions for Summary Judgment, finding that Plaintiff failed to exhaust his administrative remedies because he did not complete the Detention Facility's grievance process before filing suit. (Doc. 106 at p. 13). The Court also found that none of Plaintiff's

grievances specifically mentioned Defendant Mathias. Although four grievances mentioned Defendant Bane, none of the grievances were advanced beyond Level 3 of the grievance process. Judgment was entered on July 23, 2026. (Doc. 107).

On August 26, 2026, Plaintiff filed a Motion to Reconsider. (Doc. 110). On September 9, 2026, Defendants filed their Responses. (Docs. 111, 112).

**II**

Plaintiff seeks reconsideration under both Federal Rules of Civil Procedure 59(e) and 60(b). (Doc. 110). "Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citation omitted). A movant must "clearly establish" one of these two grounds to obtain relief. *Id*. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). "[A] Rule 59(e) motion 'is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment.'" *Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006) (quoting *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

Rule 60(b) enables a court to grant relief from a judgment under the circumstances listed in the rule. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Those circumstances include:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy and granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011) (citations omitted).

**III**

Plaintiff argues the Court made a manifest error of fact by overlooking evidence he submitted in his Response to Defendants' Motions for Summary Judgment. (Doc. 110 at p. 14). Plaintiff asserts the Court disregarded evidence of "withheld discovery," sworn statements from his affidavit, a Case Note dated August 7, 2024, that his tablet/phone access had been blocked, and that the grievance process as set forth in the Inmate Handbook was confusing. Contrary to Plaintiff's assertions, the Court carefully considered Plaintiff's evidence and arguments and concluded that there was no genuine issue of material fact as to the availability of his administrative remedies. (Doc. 106).

The August 7th Case Note and the two Inmate Grievance Forms from August 7, 2024, and August 9, 2024, do not show that Defendants or other jail officials blocked the grievance process. In the August 7th Case Note, Plaintiff complained about his OUD medications and stated he would be "grieving it" and talking to a lawyer. (Doc. 91 at p. 38). As the Court explained in its Order, the Case Note demonstrated that Plaintiff knew he could use the grievance process and intended to do so. (Doc. 106 at p. 11). The fact that Plaintiff submitted Inmate Grievance Forms on August 7, 2024, and August 9, 2024, complaining that his PIN

information was not in the IC Solutions System does not support Plaintiff's argument that the grievance process was confusing or that he was blocked from submitting or advancing grievances. Plaintiff's grievance records revealed that he was able to submit grievances on August 7, 2024 (first and second paper grievances), on August 9, 2024 (third paper grievance), on August 10, 2024 (fourth paper grievance and electronic grievance), on August 11, 2024 (escalating the August 10, 2024, grievance to Level 2 via electronic grievance), and on August 15, 2024 (second electronic grievance). (Doc. 61-2 at pp. 47-50, 55-60).

Plaintiff also asserts the Court overlooked his sworn affidavit regarding the unavailability of the grievance process, which he submitted with his Response to Defendants' Motions for Summary Judgment. Plaintiff argues his affidavit was enough to raise a genuine issue of material fact, thereby requiring a *Pavey* hearing. However, in opposing a motion for summary judgment, a party "may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence." *Warsco v. Preferred Tech. Grp.*, 258 F.3d 557, 563 (7th Cir. 2001) (quoted citation omitted). The conclusory allegations in Plaintiff's affidavit did not raise a genuine factual dispute. (Doc. 106 at p. 11).

Plaintiff next contends the Court erred by failing to consider evidence that the Detention Facility changed the grievance process after he filed suit. Plaintiff asserts this post-litigation change shows that the prior grievance process was confusing. As the Court explained in its Order, Plaintiff failed to identify how the grievance process was changed, what was changed, or how a post-litigation change rendered the grievance process unavailable to him. *Id.* at p. 13. The changes to the grievance process that occurred after Plaintiff filed suit are immaterial.

Plaintiff also argues the Court erred by failing to consider "evidence" that he tried to submit grievances electronically and in paper form, but unidentified

staff members refused his grievances. Contrary to Plaintiff's assertions, the Court considered these arguments and found that Plaintiff's grievance records showed he had access to grievance forms in both paper and electronic formats. *Id.* at pp. 12-13. The Court also noted that Plaintiff successfully advanced his fifth electronic grievance regarding his OUD medication, belying his assertion that the grievance process was unavailable to him. *Id.* at p. 12.

Plaintiff claims that Defendants withheld discovery and, as a result, the Court should have held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). As the Court previously noted, Plaintiff did not identify what documents Defendants allegedly withheld or explain how the purportedly missing documents impacted his ability to submit and advance grievances. *Id.* at pp. 12-13.

Plaintiff argues the Court made a legal error by incorrectly placing the burden on him to defeat Defendants' assertion that he failed to exhaust his administrative remedies and made an improper credibility determination. Plaintiff argues this case is similar to *Jackson v. Esser*, 105 F.4th 948 (7th Cir. 2024), and *Winston v. Clarke*, 746 F. App'x 561 (7th Cir. 2018). (Doc. 110 at p. 20). In *Jackson*, the plaintiff pointed to evidence suggesting that the prison unjustifiably failed to process all his grievances, submitted testimony by declaration describing the allegations in those unprocessed grievances, and supported his testimony with documentation. *Jackson*, 105 F. 4th at 957. In *Winston*, the plaintiff countered a deputy inspector's affidavit with factual assertions from his complaint. After the plaintiff received no response to his grievances, the evidence showed that he sent letters to the jail and sheriff asking about the status of his grievances and whether he should "refile" them. *Winston*, 746 F. App'x at 562. Here, Plaintiff did not provide any evidence that created a genuine issue of material fact.

The Court acknowledged that "the defendants have the burden of proving the [plaintiff] had available remedies he did not utilize." (Doc. 106 at p. 9) (citing *Hernandez v. Lee*, 128 F.4th 866, 869 (7th Cir. 2025)). The Court set out the availability framework established by the Supreme Court in *Ross v. Blake*, 578 U.S. 632, 644 (2016), considered the Seventh Circuit's practical-unavailability decisions, and evaluated Plaintiff's affidavit and August 7th Case Note before concluding that Defendants were entitled to summary judgment. (Doc. 106 at pp. 11-13). In doing so, the Court necessarily determined that there was no material factual dispute requiring a *Pavey* hearing. The Court also held that "the exhaustion issue is not intertwined with the merits of Plaintiff's claims" and that "[t]here is no jury issue regarding exhaustion." *Id.* at p. 8. Plaintiff offers no argument as to why that finding is wrong: he simply asserts "the exhaustion issue is intertwined with the merits of Plaintiff's claims." (Doc. 110 at p. 3). But disagreement is not manifest error. *Oto*, 224 F.3d at 606.

Where the record establishes the absence of exhaustion and the prisoner responds with conclusory assertions, as is the case here, there is nothing for a *Pavey* hearing to resolve. A conclusory affidavit does not create a triable issue on availability. *See Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013); *compare Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006) (remedies unavailable where the prisoner came forward with specific evidence that staff denied him grievance forms and threatened him). Plaintiff's argument regarding the existence of video footage showing he spoke to Sergeant Mann on an unknown date concerning a grievance or complained about his PIN not working are insufficient to defeat summary judgment.

Regarding the Medical Defendants, the Court noted that Defendant Dr. Duran was mentioned only in an appeal of electronic grievance #524122911, which Plaintiff indisputably did not exhaust before filing suit on February 19, 2025. (Doc.

106 at pp. 7, 10). Defendant Nurse Verbarg was mentioned only in electronic grievance #561452321, which Plaintiff submitted on May 15, 2025, nearly three months after this lawsuit was filed. Plaintiff never advanced this grievance beyond Level 1. *Id.* at p. 7. Plaintiff's Motion to Reconsider does not address either finding.

The Court finds that Plaintiff's Motion does not identify a manifest error of law or fact, newly discovered evidence, or a controlling change in the law. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation omitted). Plaintiff's Motion rehashes the same arguments that the Court already considered and rejected and does not carry the "heavy burden" of clearly establishing any errors or newly discovered evidence. *Bedford v. DeWitt*, 695 F. Supp. 3d 998, 1001 (N.D. Ill. 2023), *aff'd,* 185 F.4th 694 (7th Cir. 2026) (citations omitted). Plaintiff's Motion is DENIED.

**IV**

For the reasons stated, *supra*:

1) Plaintiff's Motion to Reconsider [110] is DENIED

2) Defendants are entitled to the attorney's fees incurred in preparing their Responses to Plaintiff's Motion to Reconsider. Defendants are given leave to submit a fee petition with supporting documentation within 14 days of this Order.

*It is so ordered.*

Entered: October 19, 2026

s/Jonathan E. Hawley
U.S. District Judge